UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION
RAPID CITY

Rudy "Butch" Stanko, individually, and on behalf of similarly situated non Indian residents on the Pine Ridge Indian Reservation and border towns,

       Plaintiff,

vs.                                 Case No. 5:18-CV-05088-KES

State of South Dakota;
Marya Vrooman Tellinghuisen, individually, and in her self-appointed official capacity/jurisdiction to hold court for misdemeanor allegations made by Indians on the Pine Ridge Indian Reservation against non-Indians in an alien jurisdiction, venue and vicinage in Fall River County;
Carol Foster, individually, and in her official capacity as a self-appointed magistrate to set cash bonds for misdemeanor allegations made by Indians against non-Indian on the Pine Ridge Indian Reservation in an alien Fall River jurisdiction, venue and vicinage;
Jailer Brandon Luther, individually and in his official capacity as a guard at the Fall River County jail;
Austin Chafin, individually, and in his official capacity as a Hot Springs policeman;
James Sword, individually, and as a hired attorney for the Pine Ridge Indian Reservation; as private attorney with a Hot Spring office; and in his official capacity as an elected Fall River County Attorney in an alien jurisdiction, venue and vicinage;
Defendants 1x through 4x, will be named after discovery,
       Defendants.

## AMENDED COMPLAINT and RESPONSE TO DEFENDANTS CHAFIN and LUTHER'S MOTION FOR SUMMARY JUDGMENT and REQUEST DATE FOR JURY TRIAL ON THE DISPUTED FACTS

What ever happened to the commoner's right for the 7th Amendment's Jury to decide the disputed facts? It appears blatant violations of Constitutional rights has dissipated in the deep state or as Trump claims "in the Swamp." This is Luther's second attempt to divert a jury. Also, this Court **has struck** the Petitioner's First Amendment

right to petition the government in his request for a Declaratory Judgment and Injunctive relief.

Plus, a Whiteman can not sue an Indian, because this Court has ruled they are a privileged citizen. Stanko v Clay Landry, Case No. 16-5105 (2016-2017). A Indian became a citizen in 1921, and shortly after the women was allowed to vote. I wish I had a drop of Indian blood in my ancestry. I would be eligible for a EBT (Eat Better Today) card and a new automobile.

The Plaintiff/Petitioner has attached a decision written by the now United States Supreme Court Justice Neil Gorsuch reversing the lower Court for dismissing a previous suit filed by the Plaintiff. I doubt if any Western South Dakota lawyer has this in their resume.

### RANDON LUTHER

Brandon Luther violated the following rights of the Plaintiff: See facts 28, 60, 61, and 62 in the complaint and combined with Counts 1, 2, 3, and 4.

### AUSTIN CHAFIN

Austin Chafin violated the following rights of the Plaintiff: See fact no. 61 in the complaint and combined with Counts 1, 2, & 3.

### SEVENTH AMENDMENT RIGHT TO A JURY TRIAL

None of the defendants defend the Plaintiff's right and his exercise of the 7th Amendment to the United States Constitution for a jury to judge the facts. The seventh states:

"In Suits at common law, where the value of controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, . . . ."

"The trial by jury is justly dear to the American people. It has always been an object of deep interest and solicitude, and every encroachment upon it has been watched with great jealousy. The right of such a trial is, it is believed, incorporated into and secured by every State constitution in the Union; . . . . One of the strongest objections originally taken against the Constitution of the United States, was the want of an express provision securing the right of trial by jury in civil cases. As soon as the Constitution was adopted, this right was secured by the seventh amendment of the Constitution purposed by Congress; and which received the assent of the people so general as to establish its importance as a fundamental guarantee of the rights and liberties of the people. This amendment declares that 'in suits at common law, where the controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examinable in any court of the United States, than according to the rules of common law.' At this time there were no States in the Union the basis of whose jurisprudence was not essentially that of common law in its wildest meaning; and probably no States were contemplated in which it would not exist. The phase 'common law' found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence. **The Constitution had declared in the third article, "that the judicial power shall extend to all cases in Law** (emphasis added) and equity arising under this Constitution, the laws of the United States and treaties made or which shall be made under their authority,' and to all cases of admiralty and maritime jurisdiction. It is well known that in civil causes, in courts of equity and

admiralty, juries do not intervene, and that courts of equity use the trial by jury only in extraordinary cases to inform the conscience of the court. When, therefore, we find that the amendment requires that the right of trial by jury shall be preserved in suits at common law, the natural conclusion is that this distinction was present to the minds of the framers of the amendment. By common law they meant the Constitution denominated in the third article 'law;' not merely suits which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equity rights alone were recognized, and equitable remedies were administered; . . . ." Parsons v Bedford, 7 L Ed 433, 447, Peters 3, 736-737 (1830); Colgrove v Battin, 413 US 148, 37 LEd2d 522, n.9, 93 S.Ct 2448 (1973).

"The Constitution was written to be understood by the voters; its words and phrases were used in their normal and ordinary as distinguished from technical meaning." District of Columbia v Heller, 554 US 570, 128 S Ct _____, 171 L Ed 2d 637, 648 (2008), quoting United States v Sprague, 282 US 716, 731 (1931); see also Gibbons v Ogden, 9 Wheat 1, 188 (1824). "It excludes secret or technical meanings that would not have been known to ordinary citizens in the founding generation." Id. "A Constitutional guarantee subject to future's judge's assessment of its usefulness is no constitutional guarantee at all. Constitutional rights are enshrined with the scope they were understood to have when the people adopted them, whether or not future legislature or yes even future judges think that scope too broad." Heller at 683.

"(T)he right of trial by jury shall be preserved, . . . ," means a right of trial by jury shall be preserved.

## 4th and 5th AMENDMENTS

The Court cannot ignore the facts the Plaintiff stated in this complaint violated the Plaintiff's 4th and 5th Amendment basic constitutional rights by seizing the Plaintiff's person, the $4,000 in his wallet, and his 2013 Ford Taurus without a probable cause sworn oath before a judicial officer.

"The Fourth Amendment protects two different interests of the citizen—the interest in retaining possession of property and the interest in maintaining personal privacy. . . . A seizure threatens the former, a search the latter. . . . Even if an item is not searched, therefore, its seizure implicates a protected Fourth Amendment interest. For this reason, seizures of property must be based on probable cause." United States v Place, 462 US 696, 717, 77 L Ed 2d 110, 127, 103 S Ct 2637 (1983) (Brennan and Marshall concurring).

"Police power exercised without probable cause *is* arbitrary. To say that the police may accost citizens at their whim and may detain them upon reasonable suspicion is to say, in reality, that police may both accost and detain citizens at their whim." United States v Brignoni-Ponce, 422 US 873, 889, 45 L Ed 2d 607, 627, 95 S Ct 2574 (Douglas, concurring), quoting Amsterdam, Perspectives on the Fourth Amendment, 58 Minn L Rev 349, 395 (1974).

## FACTS STATED IN THE COMPLAINT

The Plaintiff stated sixty (60) facts in the complaint in paragraphs 24 through 83 and stated the claims in Counts one through eight. "Federal Rules of Civil Procedure (Rule 8) do not require a claimant to set out in detail the facts upon which he bases his claim but require only a short and plain statement of the claim that will give the defendant(s) fair notice of what the Plaintiff's claim(s) are and the grounds upon which it rests." Conley v Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

A judge ruling on a motion "must accept as true all the factual allegations contained in the complaint." Swierkiewicz v Sorema N.A., 534 US 506, 508 n.1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); also see Overstreet v North Shore Corp., 318 US 125, 127, 63 S.Ct 494, 87 L.Ed. 656 (1943). Besides, "once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" Bell Atl. Corp. v Twombly, 505 US 544, 563, quoting Swierkiewicz at 514 (other citations omitted)." "If, in view of what is alleged, it can reasonably be conceived that the plaintiff could, upon trial, establish a case which would entitle them to relief, the motion should not have been granted." Twombly at n. 8. "No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it." Id.

The Court in Twombly then concluded, "we do not apply any 'heightened' pleading standard [as announced in the landmark case, Conley v Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)], nor do we seek to broaden the scope of Federal Rules of Civil Procedure 9, which can be accomplished 'by the process of amending the Federal Rules, and not by judicial interpretation.'" At n. 14, citing Swierkiewicz. The pleading standard in Conley is: "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley at 45-46.

Facts 60, 61, 62, and 28 in the complaint pertain to Luther and Chafin, along with Counts 1, 2, 3, & 4.

28. The Plaintiff had $4,500 in his wallet, and it was taken by Chafin or Luther at the rented Fall River/Hot Springs jail.

60. I demanded bail and the jailer Brandon Luther tortured me by throwing me in a freezing isolation cell with no mattress or blankets (just bare cement), because I demanded bail and refused to be finger printed pursuant to this refusal right documented in Davis v Mississippi, 394 US 721, 727 (1969); Hayes v Florida, 470 US 811, 817 (1895), and in challenging the unconstitutionality of venue, vicinage, and jurisdiction.

61. Before throwing me in the frozen solid cement isolation cell with no mattresses or blankets as a penalty for not cooperating, the Brandon Luther and the weight lifting Hot Springs policeman, Austin Chafin, muscled, threw and pinned the 71 year old Plaintiff down on the floor and broke two of the Plaintiff's fingers trying to get the Plaintiff's Black Hills gold rings and watch off of the Plaintiff's fingers and wrist.

62. The Plaintiff was given a copy of the charges from the Oglala Sioux Tribe criminal code, Department of Safety on the Pine Ridge Reservation for eight (8) counts, but this copy was arrogantly and physically taken from the Accused by Brandon Luther, when they broke my fingers.

## STATEMENT OF EACH CLAIM, COUNT, OR CAUSE OF ACTION

### COUNT ONE:

Defendants Luther and Chafin knew or should have known that you cannot break the Plaintiff's fingers while having the 71 year old prisoner pinned down on the floor in order to take the Plaintiff's Black Hills Gold rings and watch without violating the Plaintiff's Eighth Amendment right prohibiting cruel and unusual punishment.

### COUNT TWO:

Defendants Luther and Chafin knew or should have know that Plaintiff's Fourth Amendment right is violated when you arrest, seize, finger print, jail, and throw the Plaintiff in an isolated cement silo without a judicial warrant and was not supported by a probable cause Oath given before a judicial officer.

### COUNT THREE

Defendants Luther and Chafin violated the Plaintiff's rights, when they stole over $4000 from the Plaintiff wallet.

## COUNT FOUR

Defendants Chafin and Luther violated the Plaintiff's Eighth Amendment right (infliction of cruel and unusual punishment) by throwing the Plaintiff in isolated cement ice cold silo without a mattress or blankets for thirty (30) hours instead of setting bail.

Since the Court might not follow case law and accept as true all the factual allegations contained in this amended complaint," the Plaintiff has submitted an affidavit in addition to support the facts stated in paragraphs 61, 62, 63 and Counts 1, 2, 3, and 4.

## REQUESTED RELIEF

WHEREFORE PREMISES CONSIDERED, the Plaintiff requests the defendants be cited to appear and answer as required by law. **The Plaintiff requests a jury to judge the facts and actual monetary damages, the physical mental damages, and punitive award against each individual defendant for breach of each civil and constitutional right violation,** including and not limited to:

1. Mental suffering, pain, distress and anguish in the past;
2. Mental suffering, pain, distress and anguish in the future;
3. Reimbursement of the cost and time expended by the Plaintiff for actions unlawfully provoked by the defendants;
4. Contingency enhancement premium of one third to one half of the award because of the high risk of litigation of civil rights grievances.

WHEREFORE, the defendants have acted shamefully and with willful and reckless disregard for the above cited Constitutional rights. Accordingly, punitive damages should be awarded against the defendants to encourage them to uphold their oaths to uphold the United States Constitution and its Laws.

Courts have held punitive damages play an important role in furthering the stability of the Constitution. Awarding punitive damages directly advances the public

interest in preventing repeated Constitutional and civil right violations, and provide the only significant remedy available where Constitutional rights are maliciously violated, but the victim can prove only marginal compensatory injuries.

"The award of $1,000,000 per year of immurement was not an abuse of discretion." <u>Limone v United States of America</u>, 576 F.3d 79 (1st Cir. 2009).

The Plaintiff requests at least $100,000 for the beating and two broken finger, and his illegal stay at the Fall River County Jail.

Submitted,

_____
Rudy Stanko
PO Box 509
Gordon, Nebraska  69343

## CERTIFICATE OF SERVICE

I certify a copy of this response was mailed on February 20, 2020, postage prepaid to the following:

For Brandon Luther – Rebecca Mann & Ryan Sutton
    PO Box 8045
    Rapid City, SD  57709

For Austin Chafin – Kassie McKie Shiffermiller & Thomas E. Brady
    135 East Colorado Boulevard
    Spearfish, SD  57783
    605-722-9000